UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

**FILED**

**3:59 pm, Jul 31, 2023**

**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Roger A.G. Sharpe, Clerk**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 1:23-cr- 109-JPH-KMB |
| DUSTIN ROSE, | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Zachary A. Myers, United States Attorney for

the Southern District of Indiana, and Kristina M. Korobov, Assistant United States Attorney

("the Government"), and the Defendant, DUSTIN ROSE ("the Defendant"), in person and by

counsel, Gwendolyn Beitz, hereby inform the Court that a Plea Agreement has been reached in

this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).  The following are its

terms and conditions:

### Part 1:  Guilty Plea and Charges

1.      **Plea of Guilty:** The Defendant, having waived the right to indictment by a grand

jury, petitions the Court for leave to enter and agrees to enter a plea of guilty to the following

offenses charged in the Information:

A.      Count 1, which charges that the Defendant committed the offense of

Sexual Exploitation of a Child / Attempt Sexual Exploitation, in violation of Title 18,

United States Code, Sections 2251(a) and (e).

**B.**     Count 2, which charges that the Defendant the offense of Possession of Child Pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

**2.     Potential Maximum Penalties**:

**A.**     The offense of Sexual Exploitation of a Child (and Attempt) is punishable by a maximum sentence of 30 years of imprisonment, a $250,000 fine, and a lifetime of supervised release following any term of imprisonment.  The minimum sentence on this count is 15 years of imprisonment and 5 years of supervised release.

**B.**     The offense of Possession of Child Pornography is punishable by a maximum sentence of 20 years of imprisonment, a $250,000 fine, and a lifetime of supervised release following any term of imprisonment.  The minimum sentence on this count is 5 years of supervised release.

**3.     Elements of the Offense:**  To sustain the offenses to which the Defendant is pleading guilty, the Government must prove each of the following elements beyond a reasonable doubt:

**A.     Sexual Exploitation of a Child (and Attempt), 18 U.S.C. § 2251(a) and (e)**

**i.**     The Defendant did knowingly employ, use, persuade, induce, entice, and coerce a minor and did attempt to do so;

**ii.**     To engage in any sexually explicit conduct, as such conduct is defined in 18 U.S.C. §2256(2);

**iii.**     For the purpose of producing any visual depictions of such conduct; and

**iv.** While knowing or having reasons to know that such visual depictions would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed; <u>or</u> such visual depictions were produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including a computer, <u>or</u> such visual depictions were actually transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

**B.      Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(b) and (b)(2).**

**i.** The defendant knowingly possessed and accessed with intent to view the material identified in the Information; and

**ii.** The material identified in the Information contained child pornography; and

**iii.** The Defendant knew both that the material depicted one or more minors and that the minor[s] were engaged in sexually explicit conduct; and

**iv.** The material identified in the Information has been mailed, shipped or transported using a means or facility of interstate or foreign commerce, and shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; produced using materials that have been mailed, or using materials that have been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

**v.** At least one of the minors involved in the offense was a prepubescent minor or a minor less than 12 years of age.

### Part 2:  General Provisions

4. **Sentencing Court's Discretion Within Statutory Range:**  The Defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range(s); (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by  pleading "Guilty," the Court may impose the same punishment as if the Defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

5. **Sentencing Court Not Bound by Guidelines or Recommendations:**  The Defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the Defendant's sentence is within the discretion of the Court.  The Defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside

of the advisory sentencing guideline range for any reason, then the Defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

6. **Plea Agreement Based on Information Presently Known:** The Defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the Defendant based on information currently known to the United States Attorney for the Southern District of Indiana. The Government will inform the Court and the Defendant at the time of taking the Defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the Defendant.

7. **No Protection from Prosecution for Unknown or Subsequent Offenses:** The Defendant acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The Defendant further acknowledges and agrees that nothing in this agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

8. **Rights Under Rule 11(b), Fed. R. Crim. P.:** The Defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the Defendant any statement that the Defendant gives under oath during the guilty plea colloquy. The Defendant also understands that the Defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse

witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.  The Defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court.  The Defendant understands that if the Court accepts this plea of guilty, the Defendant waives all of these rights.

## Part 3:  Sentence of Imprisonment

9.      **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):**  The parties have **not** agreed upon a specific sentence.  The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

A.      **Government's Recommendation:**   The Government has agreed to recommend a sentence of imprisonment of no more than 450 months, provided that the Defendant (i) continues to fully accept responsibility for the offense, (ii) does not commit a new criminal offense before the date of any sentencing, and (iii) does not otherwise violate the terms of any pre-trial release before the date of sentencing.

B.      **Defendant's Recommendation:**  The Defendant understands that he cannot be sentenced to a term of less than 15 years in prison and 5 years of Supervised Release.

10.     **Supervised Release:**  Both parties reserve the right to present evidence and arguments concerning the duration of any term of supervised release and the terms and conditions of the release.

11.     **Conditions of Supervised Release:**  The parties understand and agree that the

---

[1]Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions. However, to assist the Court, the parties have carefully considered the factors listed in 18 U.S.C. § 3553 and jointly recommend that the Court impose the Special Conditions of supervised release set forth below, in addition to any other Standard and Special Conditions which the Court deems appropriate in this case:

**SEE ADDENDUM A**

## Part 4: Monetary Provisions and Forfeiture

12.     **Mandatory Special Assessment:** The Defendant will pay a total of $200 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

13.     **Fine:** The Government agrees that it will not ask the Court to impose a fine. Notwithstanding the Government's position, the defendant understands that whether a fine is to be imposed, and the amount and payment terms of any such fine, shall be determined by the Court.

14.     **Restitution:** Defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. §3663A, applies and that the Court is required to order the Defendant to make restitution to all the victims of his crimes. There is no agreement as to the maximum amount of restitution. Defendant agrees that the amount of restitution ordered by the Court shall include Defendant's total offense conduct and is not limited to the counts of conviction. The Defendant agrees to pay restitution for all losses caused by the Defendant's conduct, regardless of whether counts of the Information dealing with such losses will be dismissed as part of this plea agreement. The Defendant agrees to pay no less than $7,500 to Minor Victim 3, $5,000 to

Minor Victim 2, and $5,000 to Minor Victim 1. The Defendant agrees to make restitution to any person whose child sexual exploitation visual depictions were possessed, transported, received, or distributed by the Defendant. The Defendant also agrees that any restitution ordered by the Court shall not be dischargeable in any bankruptcy proceeding, and the Defendant will not seek or cause to be sought a discharge or a finding of dischargeability of the restitution obligation.

15.     The Court shall order restitution under 18 U.S.C. §2259 in an amount to be determined by the Court as follows:

   A.     **Determining the full amount of a victim's losses.**  For victims other than Minor Victims 1, 2, and 3, the Court shall determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the trafficking in child pornography depicting the victim under 18 U.S.C. §2259(b) and (c)(2).

   B.     **Determining a restitution amount**.  After completing the determination required under subparagraph (A), the Court shall order restitution in an amount that reflects the Defendant's relative role in the causal process that underlies the victim's losses.  For other victims whose sexually explicit visual depictions were possessed, distributed, received, or transported by the Defendant, the amount of restitution ordered by this Court **shall be no less than $3000 per victim**.  These funds are intended to allow these victims to obtain counseling, support, treatment, or other assistance related to their victimization.

   C.     **Ongoing investigation:** The parties understand that the United States has not yet determined through its investigation whether any victims in the child pornography

possessed by the Defendant, other than Minor Victims 1 and 3, can be identified or will seek such restitution.

      **D.**      **Payment schedule:**  The Defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the Defendant's financial circumstances change.  In that event, and consistent with its statutory obligations, the Government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

**16.**      **Special Assessments for offenses committed after December 7, 2018:**

      **A.**      **JVTA Special Assessment:**  The Court may order the Defendant to pay a special assessment as may be required by the Juvenile Victims of Trafficking Act (JVTA) Special Assessment of **$5,000**, unless the Court determines that the Defendant is indigent. 18 U.S.C. §3014.

      **B.**      **18 U.S.C. §2259A Special Assessment**:  If the Defendant is convicted of violating 18 U.S.C. §2251(a) for an offense involving the production of child pornography, the Court shall order an additional Special Assessment of **up to $50,000**. 18 U.S.C. §2259A(a)(3). If the Defendant is convicted of violating 18 U.S.C. §2252A(a)(5) for an offense involving possession child pornography, then the Court shall order an additional Special Assessment of **up to $17,000**. 18 U.S.C. §2259A(a)(2).

      **C.**      **Determining the Amount of 18 U.S.C. §2259A assessment:**  The Court shall consider the factors under 18 U.S.C. §3553(a) and §3572 including the Defendant's income, earning capacity, and financial resources in determining the amount of the 18 U.S.C. §2259A child pornography assessments within the range indicated.

**D.    Effect of Other Penalties:**  Imposition of the 18 U.S.C. §2259A does not relieve a Defendant of or entitle a Defendant to reduce the amount of any other penalty by the amount of the assessment.

**E.    Disbursement of payments:**  Any money received from a Defendant shall be disbursed so that each of the following obligations is paid in full in the following sequence:

       **i.**    A special assessment under 18 U.S.C. §3013.

       **ii.**    Restitution to victims of any child pornography offense that the Defendant committed (charged or uncharged conduct).

       **iii.**    A child pornography assessment under 18 U.S.C. §2259A.

       **iv.**    Any other amount imposed under section of Title 18 of the United States Code, including any JVTA assessment under 18 U.S.C. § 3014.

       **v.**    All other fines, penalties, costs, and other payments required under the sentence.

17.    The Defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the Defendant's financial circumstances change.  In that event, and consistent with its statutory obligations, the Government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

18.    **Obligation to Pay Financial Component of Sentence**:  If the Defendant is unable to pay any financial component of the Defendant's sentence on the date of sentencing, then the Defendant agrees that the payment of the financial component should be a condition of supervised release.  The Defendant has a continuing obligation to pay the financial component of

the sentence.  The Defendant further agrees that as of the date of filing this Plea Agreement the Defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the Defendant's financial disclosures,  to the  Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the Defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court.  The Defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office.  If the Defendant is ever incarcerated in connection with this case, the Defendant may participate in the Bureau of Prisons Inmate Financial Responsibility Program.

19.     Defendant understands that any forfeiture order entered by the court is mandatory and is a part of Defendant's sentence.  Defendant stipulates and agrees to the immediate entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), against Defendant, directly forfeiting each of the following property items, which the parties stipulate and agree constitute property items that Defendant used or intended to be used to commit or to facilitate the commission of the offense of conviction and are therefore forfeitable under to Title 18, United States Code, Section 2253, and Rules 7(c)(2) and 32.2(a) of the Federal Rules of Criminal Procedure, including the following devices and all data located therein:

A.     A T-Mobile cell phone with an IMEI of 357492496430156

B.     A SIM Card with ICCID 8901260664983911602, and

C.     A black microSD card with serial number 7284DUFDV01T.

20.     Defendant acknowledges and agrees that any and all property in which Defendant has an interest, and that are not already subject to direct forfeiture, are subject to forfeiture as

substitute assets under Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461.

21.     Defendant agrees not to oppose, and to withdraw any previously filed opposition to, any administrative or judicial forfeiture action related to the conduct described in the Information filed in this case. Defendant waives any right to receive any notices or pleadings filed in any forfeiture action related to the conduct described in the Information and agrees that a default or final judgment of forfeiture may be entered against Defendant's interest without further notice to Defendant or Defendant's attorney.

22.     Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the Information, announcement of the forfeiture at sentencing, and incorporation of the forfeiture into the judgment. Defendant waives all rights to any further notice or right to participate in any ancillary proceeding or any other proceeding pertaining to this forfeiture. Defendant waives the right to be informed of any potential forfeiture at the time Defendant's guilty plea is accepted, pursuant to Rule 11(b)(1)(J).

23.     This Court shall retain jurisdiction to settle any disputes arising from application of this cause. Defendant agrees that forfeiture of substitute assets, as authorized in this Plea Agreement and by 21 U.S.C. § 853(p), shall not be deemed an alteration of Defendant's sentence and that forfeiture of the assets described above shall not be treated as satisfaction of any restitution, fine, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture.

24.     Defendant hereby waives any and all constitutional and statutory challenges he could raise on any ground and in any manner (including by direct appeal, habeas corpus, or any

other means) to any forfeiture carried out in accordance with this plea agreement, including any argument that the forfeiture constitutes an excessive fine or punishment.

25. **Abandonment**: If any of the property is not forfeited, the Defendant abandons all right, title, and interest the Defendant may have in the property so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the Defendant's criminal activity, without further notice or obligation whatsoever owing to the Defendant. The Defendant consents to the vesting of title to the listed property to the United States, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1. Defendant waives any right to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take to carry out the abandonment, disposition, and/or destruction of the property. Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the listed property. Defendant further agrees to hold the United States of America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of the listed property.

## Part 5: Factual Basis for Guilty Plea

26. The parties stipulate and agree that the following facts establish a factual basis for the Defendant's pleas of guilty to the offenses set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The Defendant admits that each and every fact alleged in the Information is true. The parties acknowledge that such facts are only a summary of the Government's evidence. The parties reserve the right to present additional evidence at the time

of sentencing, if they so choose, and this paragraph is not intended to foreclose the presentation of such additional evidence.

     **A.**     **Evidence Overview:** During the time that Dustin Rose lived in the same home with a child identified as Minor Victim 3, Dustin Rose used Minor Victim 3 to engage in sexually explicit conduct, for the purpose of creating visual depictions of the conduct, including the lascivious display of the child's genital and pubic area and the child's anus. Dustin Rose also engaged in the touching and fondling of children identified as Minor Victims 1 and 2, with the intent to arouse or satisfy Dustin Rose's sexual desires.

     **B.**     **Minor Victim 2 and Minor Victim 3:** Between November of 2020 and August of 2022, Dustin Rose (Rose) was in a dating relationship with a woman identified as Witness 1. Rose lived with Witness 1 and her children, including Minor Victim 2 and Minor Victim 3. Minor Victim 2 was born in 2011 and Minor Victim 3 was born in 2017.

     **C.**     **Minor Victim 1:** Prior to dating Witness 1, from 2016 to 2019, Rose dated a woman identified as Witness 2. Minor Victim 1, a child born in August of 2005, is a female relative of Witness 2.

     **D.**     **Images of Minor Victim 1:** In August of 2022, Rose and Witness 1 ended their relationship. In September of 2022, after Rose moved out of her home, Witness 1 found a microSD card in her home. Witness 1 believed the microSD card belonged to Rose.

i.        Witness 1 viewed the contents of the microSD card, and she found multiple images on the microSD card depicting a child later identified as Minor Victim 1.

ii.        One of the images, **01745047.jpg**, shows Rose's hand touching the breast of Minor Victim 1 over her Little Mermaid nightshirt. Rose took this image, among others, on December 25, 2018, when Minor Victim 1 was 13 years old, at the home of Minor Victim 1's relative, located in the Southern District of Indiana.

iii.        Minor Victim 1 was identified in the photos on Rose's microSD card by her parents and Witness 1, and Minor Victim 1 identified herself.

iv.        The same microSD card contained images of Rose's Indiana ID card, Rose's Social Security Card, Rose's Internal Revenue Service (IRS) statements, and other identifying statements / information.  These images had been captured earlier in 2018 prior to the images that Rose took of Minor Victim 1 in December of 2018.  The same microSD card also contained "selfie-style" images of Rose that were taken in 2019.

**E.        Arrest of Rose and Seizure of Cell Phone:** After the discovery of these images of Minor Victim 1, Indianapolis Metropolitan Police Department (IMPD) Detective Shane Nicholsen (Nicholsen) arrested Rose on October 19, 2022. When Rose was taken into custody, police seized the black T-Mobile cellular phone with a red and black case that Rose was holding in his hand.  Nicholsen obtained a search warrant to examine Rose's T-Mobile cell phone.

**F.** **Data from T-Mobile Cell phone:** Among other data found on Rose's T-Mobile cell phone, an IMPD Examiner found multiple sexually explicit images depicting Minor Victim 3. The file path of these images shows all of them to be Google cache photos. This presence of images in this file path indicates the user accessed/viewed these images using the Google Photos application of the device. In all of the images described below, Minor Victim 3 appears to be laying on a bed with her pants and underwear removed or pulled down to expose her genital and pubic area.

      i.      **Image**

**ce2aea043f605ec92d1f1ae18f48b8a4e5d8e24f9088805212eecf9885012ab0**

depicts Rose's hand touching Minor Victim 3's inner thighs to lasciviously display the genitals of Minor Victim 3.

      ii.      **Image**

**0403ec9c111095a01fa09861e86810c671b343474079ff6eb179de36d349dfe1**

depicts the exposed genital and pubic area of Minor Victim 3, who is nude from the upper chest to her mid-thigh area.

      iii.      **Image**

**de47fcb7d90d91d2e78dc7de1896c6f632cffdf13ca2751400e9e60b73ed311b**

shows the lascivious display of Minor Victim 3's exposed genitals and anus. Minor Victim 3's legs appear to be pushed back towards the child's chest, so that only her exposed genitals and anus are shown in the image.

      iv.      Image

**c58aa71437dc15771bab6dd1f132deba710e14969a628d0a11b273418ecfd9ef**

shows the exposed, lasciviously displayed genitals of Minor Victim 3. The

child's pants are pulled down to mid-thigh and the image cuts off at Minor Victim 3's abdomen.

    **v.**        The images depicted Minor Victim 3 laying on a bluish-green blanket. The background of the images appeared to be captured around the same time and within the same area.

    **vi.**        Det. Nicholsen recovered the green / blue blanket seen in some of the sexually explicit images of Minor Victim 3.

    **vii.**        In one image on Rose's cell phone, taken in the same instance as the sexually explicit images of Minor Victim 3, the child's face is visible and there is an adult hand fully visible on the child's stomach. Her shirt is pulled up to expose her abdomen and part of her chest.

        a.        Witness 1 identified the female in the image as Minor Victim 3. Witness 1 identified the hand as Dustin Rose's. Witness 1 identified a green / blue blanket seen in at least 1 of the images as belonging to Minor Victim 3.

        b.        Witness 1 advised the image was taken on her bed in a house she shared with Rose and her children, located in Indianapolis. Rose, Witness 1, and her children lived in that home from around July of 2021 – March of 2022. This is the date range for Count 1 of the Information.

    **viii.**        During the time Rose used Minor Victim 3 to create the sexually explicit visual depictions, Minor Victim 3 was 3 or 4 years of age.

G.    **Dropbox:**  An examination of Rose's cell phone showed that he had a Dropbox account linked to the email address dcrose0116@gmail.com.  Included in the contents of Rose's Dropbox account were multiple images and videos of minors, including pre-pubescent minors, engaged in sexually explicit conduct.  Rose's total offense conduct involved more than 600 images.  The following files from Rose's Dropbox account form the basis for the Defendant's conduct in Count 2:

  i.    **cf855878-d640-42e4-b570-e485a4de5111.mp4**-This video shows an adult male penetrating the mouth of a prepubescent female minor.  As the video continues, the male penetrates the child's exposed genitals with his penis.  Based upon her face, lack of pubic hair, and body size, the child appears to be less than 12 years of age.

  ii.    **3fae9828-313f-48da-952d-d1f2eb11c9d8.mp4**—This video shows an adult male penetrating the mouth of a prepubescent female minor, ejaculating in her mouth.  Based upon her face and body size, the child appears to be less than 12 years of age.

  iii.    **421d2505-5fc0-445e-b08a-050a9b940d82.mp4**—This video shows an adult male penetrating the anus of a prepubescent female minor, ejaculating in her mouth.  Based upon her face and body size, the child appears to be less than 12 years of age.

H.    **Pattern of Sexual Conduct:**  In addition to the offenses involving Minor Victim 3 and the fondling of the breast of Minor Victim 1, the Defendant also fondled the breasts of Minor Victim 2 between November of 2020 and August of 2022 during the time he lived with her and her family in the Southern District of Indiana.  Since

November of 2021, Minor Victim 2 has alleged that Rose would enter her room at night and would touch her chest over her clothing.

**I.**     **Interstate and Foreign Commerce:** The device used by the Defendant to produce the visual depictions of Minor Victim 3 referenced in Count 1 was not manufactured in the State of Indiana and therefore travelled in interstate and foreign commerce.   Rose used the internet to possess the child pornography in his Dropbox account, including the depictions described in Count 2.

**J.**     **Venue:**  Rose and Minor Victim 3 were residents of the Southern District of Indiana, and Rose's crimes were committed in the Southern District of Indiana.

### Part 6:  Other Conditions

**27.     Background Information:**  The Defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence.  The Defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the Defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

**28.     Good Behavior Requirement:**  The Defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case.  If the Defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

**29.     Compliance with Federal and State Laws:**  The Defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the Defendant abiding by federal and state laws.

**30.** **Potential Civil Commitment:**  The Defendant has been advised, and understands, that pursuant to 18 U.S.C. § 4248, he faces potential civil commitment as a sexually dangerous person following the expiration of his term of imprisonment.  He understands that any potential civil commitment would be the subject of a separate civil proceeding.  He further understands that no one, including his attorney or the Court, can predict with certainty the effect of his conviction on such a civil commitment determination or the likelihood that civil commitment would be imposed.  He understands that civil commitment can be imposed for an indefinite period of time.  He nevertheless affirms that he wants to plead guilty regardless of any potential civil commitment consequences that his plea may entail.

**31.** **Sex Offender Registration:**  The Defendant shall register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school as required by both federal and state law, pursuant to 18 U.S.C. § 3583(d) and the Sex Offender Registration and Notification Act (SORNA) at 42 U.S.C. § 16913, et seq.

**32.** **Contact Restriction:**  The Defendant may have no direct, indirect, or third-party contact with Minor Victims 1, 2 and 3 and any person living with any of these victims throughout his entire sentence.

**Part 7:  Sentencing Guideline Stipulations**

**33.** **Guideline Computations:**  Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below.  The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case.  The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court.

The 2022 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

A.    **Chapter 2**

i.    **Count 1:  Sexual Exploitation of a Child – Minor Victim 3**

a.    **Base Offense:**  Count 1 carries a base offense level of **32**. U.S.S.G. § 2G2.1(a).

b.    **Age of Victim:**  The offense involved a victim who was less than 12 years old.  This results in a **4**-level increase.  U.S.S.G. § 2G2.1(b)(1)(A).

c.    **Sexual Contact:** The offense involved the commission of a sexual act or sexual contact. This results in a **2**-level increase.  U.S.S.G. § 2G2.1(b)(2)(A).

d.    **Relationship:** The Defendant was a parent, relative, or legal guardian of the minor involved in the offense, or the minor was otherwise in the custody, care, or supervisory control of the Defendant. This results in a **2**-level increase.  U.S.S.G. § 2G2.1(b)(5).

e.    **Subtotal**: **40**

ii.    **Count 2:  Possession of Child Pornography**

a.    **Base Offense Level**:  This offense carries a base offense level of **18**. U.S.S.G. § 2G2.2(a)(1).

b.    **Age of Victims**: The material involved a prepubescent minor or a minor who had not attained the age of 12 years. This results in a **2**-level increase.  U.S.S.G. § 2G2.2(b)(2).

c.     **Pattern of Activity**:  The Defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor.  This results in a **5**-level increase.  U.S.S.G. § 2G2.2(b)(5).

d.     **Use of Computer**:  This offense involves the use of a computer to distribute, receive, possess, or transmit sexually explicit material.  This results in a **2**-level increase.  U.S.S.G. § 2G2.2(b)(6).

e.     **Number of Images**:  This offense involves at least 600 images.  This results in a **5**-level increase.  U.S.S.G. § 2G2.2(b)(7)(D).

f.     **Subtotal**: **32**

B.     **Chapter 3:  Multiple Count Adjustment:**

| Group # | Adjusted Offense Level | Units |
|---------|------------------------|-------|
| 1/Ct. 1 | 40 | 1 |
| 2/Ct. 2 | 32 | .5 |
| Total Number of Units: | | 1.5 |
| Increase in Offense Level (U.S.S.G. §3D1.4): | | **1** |

**Combined Offense Level:**  The combined offense level would be **41**.

C.     **Chapter 3: Acceptance of Responsibility:**  To date, the Defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct.  Based upon the Defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement [and the Defendant's agreement to cooperate in and not to contest the forfeiture of the property described above], the Government agrees that the Defendant should receive a **two (2) level** reduction *provided* the Defendant satisfies the criteria set forth in Guideline

§3E1.1(a) up to and including the time of sentencing. The Defendant timely notified the Government of Defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently. After the Defendant enters a plea of guilty, the Government intends to file a motion pursuant to U.S.S.G. §3E1.1(b) requesting that the Court decrease the offense level by **one (1) additional level**. The parties reserve the right to present evidence and arguments concerning the Defendant's acceptance of responsibility at the time of sentencing.

**Offense Level:** <u>**38**</u>

**D.    Chapter 4: Repeat and Dangerous Sex Offender Against Minors:** The Defendant's instant offense of conviction in Counts 1, 2, and 3 are each covered sex crimes, and the Defendant engaged in a pattern of activity involving prohibited sexual conduct. This results in a <u>**5-**</u>level increase. U.S.S.G. § 4B1.5(b)(1).

**E.    Final Offense Level:** <u>**43**</u>

<u>**Part 8:  Waiver of Right to Appeal**</u>

**34.    Direct Appeal:** The Defendant understands that the Defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the Defendant expressly waives the Defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The Defendant further expressly waives any and all challenges to the statute to which the Defendant is pleading guilty on constitutional grounds, as well as any challenge that the Defendant's admitted conduct does not fall within the scope of the applicable statute. This waiver of appeal specifically includes all provisions of the guilty plea

and sentence imposed, including the length and conditions of supervised release and the amount of any fine.

35. **Later Legal Challenges:**  Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, <u>except</u> as follows:

A. **Ineffective Assistance of Counsel:**  As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

B. **Retroactive Sentencing Guidelines Reductions:**  As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment.  However, if the defendant files such a motion, the Government may oppose the motion on any other grounds.  Furthermore, should the defendant seek to appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

C. **Motions for Compassionate Release:**  As concerns the Section 3582 waiver, the defendant reserves the right to file motions seeking a "compassionate release" sentence reduction pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(i).  Any such motion must be based on one or more "extraordinary and

compelling reasons" set forth in U.S.S.G. § 1B1.13 and the governing interpretations of that provision and its application notes (or, in the event of amendment of that U.S.S.G. provision or the relevant application notes, the provision(s), if any, with the same effect at the time of the filing of the motion for sentence reduction). The defendant further agrees that under application note 1(D), as it appears in the 2018 Guidelines Manual, the defendant may assert only those reasons set forth in the relevant Bureau of Prisons program statement in effect at the time of the defendant's motion (currently Program Statement 5050.50). The government further reserves the right to oppose any motion for compassionate release on any other grounds.

**36.** **No Appeal of Supervised Release Term and Conditions:** The defendant waives the right to appeal the length and conditions of the period of supervised release.

## Part 9:  Presentence Investigation Report

**37.** The Defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

**38.** The Defendant further requests and consents to the review of the Defendant's Presentence Investigation Report by a Judge, Defendant's counsel, the Defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

## Part 10:  Immigration Consequences

**39.** The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the Defendant is pleading guilty. The Defendant also recognizes that removal

will not occur until service of any sentence imposed in this case has been completed. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the Defendant's removal from the United States.

## Part 11: Statement of the Defendant

40.     By signing this document, the Defendant acknowledges the following:

a.      I have received a copy of the Information and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Information in open Court, and all further proceedings including my arraignment.

b.      I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

c.      I have read the entire Plea Agreement and discussed it with my attorney.

d.      I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

e.      Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state or local), nor any other person, has made any

promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty."  I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial.  I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

f.  I am fully satisfied with my attorney's representation during all phases of this case.  My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

g.  I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

h.  I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

i.  I understand that if convicted, a Defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

j.  My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement.  If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and

file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

        k.      My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

        l.      If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty Plea Agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

## Part 12: Certificate of Counsel

**41.**      By signing this document, the Defendant's attorney and counselor certifies as follows:

        a.      I have read and fully explained to the Defendant all the accusations against the Defendant which are set forth in the Information in this case;

        b.      To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

c.      The plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to me by the Defendant and is consistent with my advice to the Defendant;

d.      In my opinion, the Defendant's waiver of all reading of the Information in open Court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

e.      In my opinion, the plea of "Guilty" as offered by the Defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the Defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

## Part 13:  Final Provision

**42.**     **Complete Agreement:**  The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the Defendant to plead guilty.  This document is the complete and only Plea Agreement between the Defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

07-24-23
_____
DATE

*Lawrence D. Hilton*
_____
Kristina M. Korobov
Assistant United States Attorney

7-25-23
_____
DATE

*Kyle Sawa*
_____
Kyle M. Sawa
Chief, General Crimes Unit

07/18/23
_____
DATE

_____
DUSTIN ROSE
Defendant

07/24/2023
_____
DATE

_____
Gwendolyn Beitz
Counsel for Defendant

30

**ADDENDUM A**

**Standard Conditions:**

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. (supervised release cases only)

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full-time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

## Common Special Conditions:

You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay. The probation officer shall determine your ability to pay and any schedule of payment.

## 1.      Substance Abuse Treatment, Testing, and Abstinence

If recommended by your probation officer, you shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

## 2.      Mental Health Treatment

You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

## 3.      Financial Requirements and Restrictions

You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.

You shall not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

## 4.      Employment Restrictions

All employment shall be approved in advance by the probation officer. All employment will be verified by the probation officer with signed affidavits from your employers attesting to your employment. You may not be employed in any "adult entertainment" position or work in a strip club.

**5.      Association and Contact Restrictions**

You shall not have <u>unsupervised</u> meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court.  You shall not have <u>supervised</u> meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer.  Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.

You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court.  This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above.

You shall not engage in any meetings, communications, activities, or visits with Minor Victim 1, 2, and 3 and any person living with each person, as specified in the Plea Agreement.

**6.      Place Restrictions**

You shall not knowingly enter any strip club or adult entertainment establishment.

**7.      Search and Seizure**

You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct.  Other law enforcement may assist as necessary.  You shall submit to the seizure of contraband found by the probation officer.  You shall warn other occupants these locations may be subject to searches.

**8.      Restrictions on Viewing Sexually Explicit Materials**

You shall not possess any child pornography or visual depictions of child erotica or nude minors.  Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

**9.      Sex Offense-Specific Assessment, Treatment, and Physiological Testing**

You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer.  The treatment provider should determine the type and timing of such polygraph examinations.  The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.

**10.    Computer and Internet Restrictions**

You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.