UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Cause No. 1:23-cr-109-JPH-KMB |
| DUSTIN ROSE, | ) ) ) |
| Defendant. | ) |

**GOVERNMENT'S SENTENCING MEMORANDUM**

COMES NOW the United States of America, by counsel, Zachary A. Myers, United States Attorney for the Southern District of Indiana, and Kyle M. Sawa, Assistant United States Attorney, and herein submits the following sentencing memorandum. Based on the information set forth below, a sentence of 450 months (37.5 years) is appropriate in this case.

**I.  Introduction**

Parents face countless dangers in trying to protect their children. The internet presents a seemingly endless number of predators trying to (1) trick minors into meeting up with them; (2) coerce them into sending sexually explicit photos and videos; and (3) extort them when they refuse to comply with their demands. Teachers, parents, and law enforcement all try to warn children of these pitfalls. In addition, the real world presents its own threats of "stranger danger," so parents try to teach kids not to trust strangers and be aware of their surroundings. But no matter how much danger the online and outside worlds may present, the home is the one place where all these fears should fade away. Inside the home should be a sanctuary for a child to live without fear.

Defendant took that sanctuary and made it a prison for the victims in this case. He betrayed the trust he developed for his own sexual desires. As one victim remarked, "It instills the worst sense of distrust within you when you think you know a person oh so well, to find out in the end you never knew them to begin with." (Dkt. 41.) Defendant engaged in this conduct for years until he finally was caught. Defendant can longer deny the harm he has caused the victims in this case; instead, it is time for him to face the consequences for his actions. A sentence of 37.5 years is appropriate in this case.

## II.     3553(a) Factors

### A. Nature and Circumstances of the Offense[1]

Defendant's actions in this case are consistent and calculated. What his actions show is someone with a sexual attraction to minors who has taken repeated actions to try to satisfy those desires, whether it be by molesting or sexually exploiting minors, obtaining child pornography, or masturbating during a video chat session with a minor.

#### i.     Minor Victim 1

Minor Victim 1 was approximately 13 years old at the time Defendant took photos of her and groped her. On the microSD card there were approximately 45 images captured on December 3, 2018, which had the camera view directed towards the genitals and breasts of Minor Victim 1. Of these, 12 images depicted Minor Victim 1 sitting in a chair with her bare legs exposed. The focus of the images was the child's bare legs which then progress to images

---

[1] The detailed facts pertaining to this matter are described in detail in the factual basis within the Plea Agreement and the PSR, all of which are incorporated by reference in this sentencing memorandum. To the extent there are facts discussed herein that are not present in either the Plea Agreement or PSR, United States Secret Service TFO Laura Smith, will be available at the sentencing hearing for testimony if necessary.

which zoom in on the child's genital area. Minor Victim 1's genitals are covered, though, because her thighs are touching each other. The focal point if the images, however, is clearly the area between her legs.

A few weeks later on December 25, 2018 – Christmas – there were an additional 9 images captured that have the camera view directed towards the body and breasts of Minor Victim 1. One of the images depicts what appears to be Defendant's hand grabbing the nipple/breast of Minor Victim 1.

Minor Victim 1 is autistic. The photos described above were taken at a relative's house. Minor Victim 1 had told others that she did not feel comfortable at this person's house. Sadly, the family members did not understand why until the facts of this case came to light.

    ii.    **Minor Victim 2**

Minor Victim 2 reported in 2021 that Defendant had been touching her chest over clothing. Minor Victim 2 stated that Defendant would come into her room at night, sit on the ground, and would just stare at her until she fell asleep. Minor Vitim 2 stated once she was asleep, Defendant would touch her "no spot" (referring to her breasts) with his hands over her clothing. Minor Victim 2 stated Defendant would leave the room, but he would eventually come back. Minor Victim 2 stated once Defendant was back in the room, he would just sit on the ground and stare at her until the sun came up. Minor Victim 2 stated that Defendant touched her in the "no spot" (referring to her breasts) on three separate occasions.

    iii.    **Minor Victim 3**

Defendant's cell phone contained cache images of Minor Victim 3. Minor Victim 3 is approximately 3 to 4 years old at the time the images were created. The cache images include close-up views of Minor Victim 3's genitals, buttocks, breasts, and stomach. One of the cache

images shows an adult-sized hand believed to be Defendant's on the uncovered torso of Minor Victim 3. Another image shows an adult's fingers believed to be Defendant's around the outside of the naked genitals of Minor Victim 3, as the fingers expose the child's genitals. These images were taken in Minor Victim 3's home.

      iv.    **Dropbox**

Defendant possessed in his Dropbox account images and videos of minors, including pre-pubescent minors, engaged in sexually explicit conduct. Most of the files in the account were images and videos of child pornography. Also included in the Dropbox account was Defendant's resume.

      v.    **Recorded Video of Defendant Masturbating with Minor Watching**

A carved video file was recovered from the same microSD card that contained images of Minor Victim 1. The file depicts a minor female, less than 16 years of age, in the main frame of the video and an adult male with his penis exposed, masturbating in the small frame. The minor female is clothed and is simply watching the male, believed to be Defendant, masturbate. It appears this video was created using screen capture technology, which allowed the user to record what was shown on his screen. Towards the end of the video, the screen shows "rose left the chat" and "40 Holla Points claimed."[2] In addition, Witness 1 (as identified in the Plea Agreement) said the male appeared to be Dustin Rose.

**B. History and Characteristic of the Defendant**

Defendant experienced a difficult childhood with methamphetamine wreaking havoc on his family. Sadly, we see a cycle of incarceration that began with his mother and will inevitably

---

[2] Holla is a live random video chat application. Users can interact with random people from all over the world via live video calls and instant video chat.

continue to her children, as one son is currently serving time in prison and the Defendant is destined to spend decades in federal prison. Despite Defendant's struggles growing up, he has maintained a strong relationship with his mother that continues until this day.

While Defendant grew up in a "rough" neighborhood and his family struggled to make ends meet, these challenges certainly do not excuse or explain Defendant's criminal conduct. In fact, there is nothing in Defendant's background that would help explain how or why Defendant committed the crimes in this case. The government hopes Defendant will take advantage of the opportunities the Bureau of Prisons provides to get the mental health counseling he needs to become a productive member of society.

Lastly, Defendant does not have any criminal history, but this is not an aberration for these types of cases. And this mitigation is accounted for in Defendant being in the lowest criminal history category. Nonetheless, his lack of criminal history does not tell the full story, as Defendant was engaged in this kind of conduct for multiple years with multiple victims before getting caught. As a result, the Court should not view Defendant's conduct as a momentary lapse of judgment by an individual with a spotless criminal history; rather, it should be viewed as years of attempting to sexually exploit children while also collecting a voluminous amount of child pornography. In other words, Defendant did not make a single mistake – he made years of mistakes.

### C. Promote Respect for the Law

A sentence of 37.5 years would promote respect for the law in the Indianapolis Division and throughout the Southern District. Such a sentence sends the message that it unacceptable to sexually exploit and molest children. The Court must send a message to Defendant that the laws he continued to disobey must be followed and respected. A sentence of 37.5 years will do that.

### D. Protect the Public from Further Crimes of Defendant

It is paramount we protect children from dangers in society. Defendant has shown himself to be someone who cannot be trusted around children. When no one was around, Defendant has shown who he is. Whether it was groping an autistic 13-year-old and attempting to take pictures of her genitals, or groping a 10-year-old in her own bed, or sexually exploiting a 4-year-old behind closed doors, it is clear what Defendant's motives have been. Defendant is a clear and present danger to our children. The only way to be sure they are protected is a lengthy prison sentence.

### E. To Afford Adequate Deterrence

A lengthy sentence is needed here not just to deter criminal conduct by Defendant but also to deter similar conduct by individuals contemplating similar behavior. It is unclear whether Defendant's attraction to children will fade as he spends decades of his life in prison. What is clear is that Defendant consistently targeted minors over multiple years. The sentence handed down must deter Defendant from ever pursuing another child again. A sentence of 37.5 years would do just that.

Just as important, the sentence from the Court must send a message to all individuals who are contemplating similar behavior that this is not remotely acceptable and that you will spend decades in prison if you choose to repeatedly engage in this type of behavior. Sadly, Defendant's actions of using a girlfriend's children for one's own sexual pleasure is not unique. Time and time again individuals will enter relationships with mothers, develop trust with their children, and manipulate them for their own sexual perversions. Sometimes, these individuals begin relationships with mothers as a ruse just to get to their children. These children, sometimes no longer having a father figure in their lives or going through the mental anguish of

a divorce, end up looking to the new boyfriend as someone who is showing them attention and caring about them. Unfortunately, it is not apparent to them that this new attention is not rooted in kindness or virtue, but it is instead rooted in predatory intentions. These opportunities will continue to exist, but hopefully a lengthy sentence will deter others in similar situations from taking the same actions Defendant repeatedly did. A sentence of 37.5 years will send this message bright and clear.

### F. Avoid Unwarranted Sentencing Disparities

In fashioning a sentence, the Court is obligated to consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). A sentence of 37.5 years would avoid any unwarranted sentencing disparities among similar defendants for similar offenses. This sentence would be below the guidelines calculated by the Court and thus presumptively reasonable. *See, e.g., United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005); *U.S. v. Metzger*, Case No. 1:09-cr-188-LJM-KPF, *aff'd*, WL 4628115, 411 Fed.Appx. 1 (7th Cir. 2010).

As detailed below, numerous similarly situated defendants have received significant sentences for similar conduct. The Court should therefore impose a sentence that aligns with the following sentences:

- In *United States v. Erik Hanson*, Chief Judge Tanya Walton Pratt sentenced Hanson to **38 years** in prison. There, Hanson, a 31-year-old mechanical engineer with no criminal history, paid another individual to produce child sex abuse material of a minor, who Hanson believed to be the producer's 11-year-old daughter. He then distributed some of this material to another individual. Hanson also solicited sex from someone who he believed was a 14-year-old girl and

7

attempted to meet with her for sex at a hotel in Tennessee. Lastly, Hanson possessed almost 100 photos and videos of child sex abuse material in his Kik account.

- In *United States v. Jacob Glenn*, this Court sentenced Glenn to **30 years** in prison pursuant to a C agreement between the parties for a sentence between 20 and 30 years. There, Glenn, a 25-year-old with no criminal history, used Snapchat to communicate with girls between 13- and 15-years old, falsely claiming to be a teenager and offering to purchase nicotine or vape pens in exchange for sex. Glenn met up with a 14- and 13-year-old to have sex in exchange for vapes. Even more, Glenn was out on pretrial release at the time of his conduct for charges related to having sex with a 14-year-old.

- In *United States v. Joshua Vestal*, Judge Matthew Brookman sentenced Vestal to the statutory maximum of **30 years** in prison. There, Vestal, a 40-year-old with multiple felonies, forced a child to engage in sexually explicit conduct with him and filmed it with his cell phone. Vestal also provided the child methamphetamine and repeatedly molested her over a sustained period.

- In *U.S. v. Devon Mitchell*, Chief Judge Tanya Walton Pratt sentenced Mitchell **to 30 years** in prison. There, Mitchell, a 37-year-old with no adult criminal history, recorded a video of him raping a child under four years old. In addition, Mitchell had over 800 images and videos of other child sex abuse material that Mitchell collected online.

In sum, *Hanson* is the most similarly situated defendant and involves similar offense conduct. Both concern the sexual exploitation of minors and attempted sexual exploitation of minors over a multi-year period. And both involved an individual also possessing a large collection of CSAM. That said, Rose directly sexually abused minors whereas Hanson directed another individual do so. Rose carried out his sexual desires whereas Hanson did not follow through on his.

Likewise, *Glenn* is instructive as it was a multi-victim case before this Court. That said, the victims here were younger than the victims in Glenn, who snuck out of their houses to meet him. Here, the victims were prisoners in their own house as Defendant used his relationship with their family members to lure them in. To that end, Defendant here was much older than Glenn and the minor victims were in the care or supervisory control of the Defendant. As a result, a longer sentence is warranted.

Lastly, *Vestal* and *Mitchell* are sexual exploitation cases that each resulted in a 30-year sentence. However, neither of these cases had multiple contact victims as are present here. Accordingly, a sentence above thirty years is appropriate when considering the time span of the conduct and the number of victims.

### III. Conclusion

It is hard enough to protect kids from the monsters we know. It is almost impossible to protect kids from the monsters who are in disguise. The monsters who have earned one's trust. Defendant worked his way into the lives of these victims and repaid the trust they gave him by sexually exploiting them. Defendant could not stop at merely groping these innocent children. Instead, he had to record that molest taking place so that he could preserve that memory for his own sexual pleasure. Hopefully, the survivors of his conduct will be able to move past the

destruction Defendant has caused. But the first step in that journey should be not having to worry about Defendant entering their lives again. A sentence of 37.5 years should do just that.

                                                Respectfully submitted,

                                                ZACHARY A. MYERS
                                                United States Attorney

By:    s/Kyle Sawa
        Kyle Sawa
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on **January 11, 2024,** a copy of the Government's Sentencing Memorandum was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: S/Kyle Sawa
Kyle Sawa
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-6125